STEWART PARK AND RESERVE CO-ALITION, INCORPORATED (SPARC); Orange County Federation of Sportsmen's Clubs, Inc.; and Sierra Club, Plaintiffs,

v.

Rodney E. SLATER, as United States Secretary of Transportation; United States Department of Transportation; Kenneth R. Wykle, as Administrator of the Federal Highway Administration; Harold J. Brown, as New York Division Administrator of the Federal Highway Administration; Federal Highway Administration; Louis R. Tomson, as Chairman of the New York State Thruway Authority; New York State Thruway Authority; Joseph H. Boardman, as Commissioner of the New York State Department of Transportation; and New York State Department of Transportation, Defendants.

No. 00–CV–1606 (RFT).

United States District Court, N.D. New York.

Nov. 21, 2002.

John W. Caffry, Esq., Glens Fall, for Plaintiffs.

Hon. Joseph A. Pavone, United States Attorney for the Northern District of New York, Attorney for Federal Defendants, Albany, James C. Woods, Esq., Assistant United States Attorney.

Hon. Eliot Spitzer, Attorney General for the State of New York, New York State Department of Law, Environmental Protection Bureau, Albany, Lisa M. Burianek, Esq., Assistant Attorney General, Of Counsel.

## MEMORANDUM–DECISION AND ORDER

TREECE, United States Magistrate Judge.

Pursuant to the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et*

seq., and the New York State Environmental Quality Review Act ("SEQRA"), N.Y. Envtl. Conserv. Law § 8–101, et seq., plaintiffs brought this action challenging the sufficiency of a joint federal and state environmental review regarding the proposed construction of an interstate highway exchange between Interstate 84 ("I–84") and Drury Lane as well as improvements to connecting roads to facilitate access to Stewart International Airport ("Stewart Airport") Plaintiffs also alleged that the Federal Defendants violated transportation laws, including section 4(f) of the Department of Transportation Act of 1966, 49 U.S.C. § 303, and 23 U.S.C. § 111. By memorandum-decision and order dated September 30, 2002, the undersigned granted Defendants' motion for summary judgment and denied Plaintiffs' cross-motion for summary judgment and entered judgment for Defendants on all claims. See Stewart Park and Reserve Coalition v. Slater, 225 F.Supp.2d 219 (N.D.N.Y. 2002).[1]

Presently pending is Plaintiffs' motion for a stay of this Court's September 30, 2002 judgment and an order barring Defendants from proceeding with construction, destruction or any further development regarding the interchange and Stewart Airport as well as a waiver of the requirement of a supersedeas bond pursuant to Fed. R.App. Proc. 8(a). Docket Nos. 73–75. Defendants oppose the motion. Docket Nos. 78–80, 83. Plaintiffs also seek a temporary restraining order pending this Court's determination on their motion for a stay. Docket No. 81. For the reasons that follow, Plaintiffs' motion for a stay and an injunction pending their appeal to the U.S. Court of Appeals for the Second Circuit is granted and their motion for a temporary restraining order is denied as moot.

## DISCUSSION

■ To determine whether a party is entitled to a stay pending appeal, the movant must demonstrate: (1) a strong likelihood of success on the merits; (2) irreparable injury absent a stay; (3) lack of injury to the other parties if a stay is granted; and (4) where the public interest lies. See Hilton v. Braunskill, 481 U.S. 770, 776–77, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); see also Mohammed v. Reno, 309 F.3d 95, 98 (2d Cir.2002).[2] In support of their motion, Plaintiffs contend that: (1) they will succeed on appeal because this Court erred in interpreting federal transportation laws and excessively deferred to the agencies on the NEPA and SEQRA counts; (2) they will suffer irreparable injury absent a stay because construction of the Stewart Airport and I–84 Interchange prior to an appeal would render this action moot; (3) Defendants will not be injured if a stay were granted because they have not taken substantial steps toward commencing construction; and (4) the public would benefit from continued use of the land for recreational purposes.

■ In opposition to the motion, Defendants' main contention is that Plaintiffs

---

1. The factual background of this case is fully set forth in this decision, familiarity with which is presumed.

2. It is well settled that "preliminary injunctive relief is appropriate when the movant shows (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." International Dairy Foods Ass'n v. Amestoy, 92 F.3d 67, 70 (2d Cir.1996). Since the Hilton factors also consider the factors used in determining whether preliminary injunctive relief is appropriate, this decision considers both the motion for a stay and for a preliminary injunction together.

have not demonstrated a likelihood of success on the merits. Indeed, at first blush, it appears as if Plaintiffs can only satisfy this first factor if the Court determines that the September 30, 2002 decision was in error. Recently, however, the Second Circuit adopted the Sixth Circuit's reasoning in evaluating the four *Hilton* factors and held that " '[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other.' " *Mohammed,* 309 F.3d 95, 99 (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153 (6th Cir.1991)). Here, absent a stay and injunctive relief, Defendants will likely proceed with the planned construction of the I–84 Interchange and Stewart Airport. Tynan Aff. (Docket No. 79), ¶ 10. It is evident that such construction will irreparably harm Plaintiffs and render this action moot. In light of the nature of injury to Plaintiffs absent a stay, they do not need to demonstrate a high likelihood of success on appeal.

On appeal, the Second Circuit will review the Court's September 30, 2002 decision de novo. *See Village of Grand View v. Skinner,* 947 F.2d 651, 656 (2d Cir.1991). Thus, Defendants' assertion that this Court made factual determinations that Plaintiffs cannot overcome on appeal assumes too much. While the Court rejected Plaintiffs' interpretation of federal law as well as their experts' statistics, the Second Circuit's independent analysis of the administrative record could be vastly different. In light of the nature of injury and the standard of review on appeal, Plaintiffs have satisfied the first two factors of the *Hilton* test.

With respect to the injury to the Defendants if a stay were granted, Defendants assert that the State of New York could lose approximately $15 million in savings. Specifically, the State has accepted contract bids for the proposed construction. Tynan Aff., ¶ 5. The low bid was in the amount of $42,568,837.00. *Id.* at ¶ 6. The highest of six bids was $58,629,011.00. *Id.* Pursuant to the agreement, the low bidder may withdraw its bid. *Id.* at ¶ 7. Defendants contend that a stay may prompt the low bidder to withdraw its bid, in which case, the State would award the contract to the next lowest bidder. If this occurred, the State could lose a savings of up to $15 million. It is worth noting that the State advertised for bidding in August 2002, and the bid opening was on September 12, 2002, prior to this Court's ruling on September 30, 2002. *Id.* at ¶ 5. Since Defendants began the bidding process while litigation was ongoing, any injury incurred by the State was at its own doing.[3] Thus, any injury to Defendants will not result from a stay, but from the State's hastiness. Therefore, Plaintiffs have established the third factor of the *Hilton* test.

With respect to the public interest factor, Plaintiffs assert that they satisfy this factor because the public can continue to use Stewart Park for recreational purposes. Defendants contend that the public interest is served by construction of better roads and improved access to Stewart Airport. In essence, the parties are asking this Court to determine an issue long plaguing policymakers, i.e., open space versus development. Defendants, however, concede that the construction will not be completed until October 2004; thus, the public cannot be served by the improved access to Stewart Airport prior to any ruling by

---

**3.** Defendants also contend that the low bidder could be injured by fines if it does not complete construction by October 2004. The low bidder is not a party to this motion and any injury to this third-party is irrelevant for purposes of this analysis.

**4**

the Second Circuit. The public, however, can continue to use the open space at least until the Second Circuit's decision on the appeal. Therefore, under these circumstances, the public is best served by granting the stay.

Accordingly, Plaintiffs have met the standard for a stay.[4]

Finally, Plaintiffs also seek a waiver of the supersedeas bond requirement. Plaintiffs have failed to provide any analysis or case law explaining why they should not be required to post a bond. In contrast, Defendants assert that a bond should be required because of the potential financial loss to the State by the stay. Despite Plaintiffs failure to assert any argument on this issue, this Court finds a bond is not required. First, one purpose of a supersedeas bond is to guarantee a party's ability to satisfy a money judgment. *See Cayuga Indian Nation of N.Y. v. Pataki*, 188 F.Supp.2d 223, 255 (N.D.N.Y.2002). There is no money judgment at stake here. Further, as discussed above, any financial injury suffered by the State is at its own hands.

Accordingly, Plaintiffs' motion for a waiver of the supersedeas bond requirement is granted.

WHEREFORE, it is hereby

**ORDERED** that Plaintiffs' motion for a stay of the Court's September 30, 2002 judgment and for an injunction pending an appeal to the U.S. Court of Appeals for the Second Circuit is **GRANTED**; Defendants are enjoined from proceeding with construction, destruction or any further development regarding the I–84 and I–87 Interchanges and Stewart Airport pending a decision on the appeal;

**ORDERED** that Plaintiffs' motion to waive the supersedeas bond requirement is **GRANTED**; and it is

**ORDERED** that Plaintiffs' application for a temporary restraining order pending a decision on their motion for a stay is **DENIED** as moot.

**IT IS SO ORDERED.**

---

4. Defendants also contend that since Plaintiffs did not seek a preliminary injunction prior to this Court's September 30, 2002 decision, there is no status quo that needs preserving.

Defendants, however, concede that construction is imminent, a factor that was not present throughout this litigation. Therefore, Defendants' contention is rejected.